IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS WHITEHEAD, | ) | No. C 06-2130 JSW (PR) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| SAN FRANCISCO SHERIFF'S DEPT.; SHERIFF MICHAEL HENNESSEY; SAN FRANCISCO JAIL MEDICAL SERVICES; DR. GOLDENSEN; JOHN TAYLOR, | ) ) ) ) ) ) | (Docket No. 2) |
| Defendants. | ) ) ) | |

Plaintiff, currently incarcerated at the San Francisco Jail in San Bruno, California, has filed this civil rights complaint regarding the conditions of his confinement in the San Francisco Jail. Plaintiff has filed a motion to proceed in forma pauperis (docket no. 2), which is now GRANTED in a separate order filed simultaneously. In this order the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

**DISCUSSION**

Plaintiff has filed a complaint which fails to clearly identify the claims he wishes to pursue. The complaint form identifies the five separate Defendants listed above, but the body of the complaint also appears to assert claims involving different Defendants, not named as Defendants in this suit. Moreover, the body of the complaint does not identify conduct which provides a basis for liability against Defendants other than Defendant Taylor. As such, Plaintiff must clearly identify the substance of his complaint

and clearly inform the Court against which defendants he wishes to proceed. The Court now dismisses Plaintiff's complaint with leave to file an amended complaint within thirty days of the date of this order.

I      <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      <u>Legal Claims</u>

The majority of Plaintiff's complaint appears directed at the failure of jail officials to provide him with necessary medical treatment for his "severe chronic sciatic nerve pain, severe chronic arthritis pain, and degenerative joint disease." Complaint at p. 4. Plaintiff asserts that he has been receiving vicodin as a pain management regimen for over ten years and that Dr. Goldensen, the jail medical director, ordered him to see a specialist at San Francisco General Hospital, who recommended that he continue that regimen. He asserts that jail officials generally and Nurse Practitioner John Taylor specifically have abruptly and unjustly refused to provide him the needed medication in violation of his civil rights.

2

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *See id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff's allegations against Nurse Practitioner John Taylor states a claim for deliberate indifference to serious medical needs. However, in his complaint, Plaintiff has failed to state a claim against other individuals or municipal liability on the part of the County Defendants.

A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). In this case, Plaintiff has failed to state the specifics regarding the mistreatment he suffered at the hands of any other defendants, how his constitutional rights were violated, whether he suffered any injury as a result, and the conduct of each defendant that he asserts is responsible for a constitutional violation. For example, with regard to Dr. Goldensen, Plaintiff has not stated any specific allegations other than that he referred him to a specialist for a consultation. This does not state a claim for a constitutional violation. Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim. As such, Plaintiff will be granted leave to amend to allege specifics regarding any claims he has against each individually named and municipal defendant.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff

4

1  must instead "set forth specific facts as to each individual defendant's" deprivation of
2  protected rights. *Leer*, 844 F.2d at 634.  Plaintiff has failed to name or allege factual
3  allegations that state a claim against the following Defendants: San Francisco County
4  Jail, Sheriff Hennessey, Jail Medical Services and Dr. Goldensen.

5        With regard to the supervisory employees named, Plaintiff should be mindful that
6  a supervisor may be liable under § 1983 only upon a showing of (1) personal
7  involvement in the constitutional deprivation or (2) a sufficient causal connection
8  between the supervisor's wrongful conduct and the constitutional violation.  *Redman v.*
9  *County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor
10 therefore generally "is only liable for constitutional violations of his subordinates if the
11 supervisor participated in or directed the violations, or knew of the violations and failed
12 to act to prevent them."  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).  Under no
13 circumstances is there respondeat superior liability under § 1983, that is, liability solely
14 because one is responsible for the actions or omissions of another.  *Id.*  Plaintiff has not
15 set forth a claim against these Defendants.

16       With regard to the named municipal Defendants, Plaintiff has also failed to state a
17 claim.  Local governments are "persons" subject to liability under 42 U.S.C. § 1983
18 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social*
19 *Servs.*, 436 U.S. 658, 690 (1978).  However, a city or county may not be held vicariously
20 liable for the unconstitutional acts of its employees under the theory of respondeat
21 superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436
22 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).  To impose
23 municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must
24 show: (1) that the plaintiff possessed a constitutional right of which he or she was
25 deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate
26 indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving

force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). In this case, Plaintiff has not properly alleged liability on the part of the municipal Defendants.

In addition, while Plaintiff has not specifically named anyone as a defendant with regard to the allegations, Plaintiff may also be attempting to state a claim of excessive force. It is unclear from the complaint whether Plaintiff is a pre-trial detainee or a sentenced prisoner. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, the Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)); *cf. Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996)(Fourth Amendment reasonableness standard applies to allegations of use of excessive force against pre-arraignment detainee). If Plaintiff wishes to state a claim for excessive force, he must identify as defendants those against whom he wishes to state a claim and provide a clear and plain statement of the basis for their liability for the use of excessive force, as set forth above. As such, Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The

amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in the Court proceeding only on the claim regarding deliberate indifference to medical needs against Defendant Taylor.

  2. Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

  3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: August 31, 2006

            _____
            JEFFREY S. WHITE
            United States District Judge